**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| SHEKELA JONES, | ) | |
| | ) | |
|     PLAINTIFF, | ) | |
| v. | ) | **CIVIL ACTION NO.:** |
| | ) | **2:23-cv-531** |
| LOTTE CHEMICAL ALABAMA | ) | |
| CORP., | ) | **JURY DEMAND** |
| | ) | |
|     DEFENDANT. | ) | |
| | ) | |

<b>COMPLAINT</b>

## I.     INTRODUCTION

1.     Through this complaint, Plaintiff asserts federal claims of sexual harassment, retaliation, and retaliatory harassment in violation of Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981a ("Title VII"). Through supplemental jurisdiction, this Court's jurisdiction extends over the related state law claims of invasion of assault and battery, invasion of privacy, outrage, and negligent and/or wanton hiring, training, supervision, and/or retention because all such claims arise from a "common nucleus of operative fact."

## II.     JURISDICTION,     VENUE     AND     ADMINISTRATIVE PREREQUISITES

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343,

2201 and 2202. Venue is proper in the Middle District of Alabama under 28 U.S.C. §1391(b), and the Northern Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

3.      Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her initial charge of discrimination on August 19, 2022, which was within 180 days of the occurrence of the last discriminatory acts she endured. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the Equal Employment Opportunity Commission, which was issued on July 11, 2023.

## III.   PARTIES

4.      Plaintiff Shekela Jones (hereinafter "Plaintiff") is a resident of Auburn, Alabama, is over the age of nineteen, and is a female citizen of the United States. Plaintiff was employed in the State of Alabama by Defendant. Plaintiff is an employee as defined under Title VII.

5.      Defendant Lotte Chemical Alabama Corp. ("Defendant" or "Lotte Chemical") is an entity subject to suit under Title VII and employs at least fifteen (15) persons.

## IV.   FACTS

6.      Plaintiff is a woman who began working for Defendant, Lotte Chemical Alabama Corp., on or about May 19, 2022, as a forklift driver.

7.      Plaintiff was employed by Onin Group, a staffing company, which provided

temporary staffing to Defendant.

8.      Onin Group and Defendant were Plaintiff's joint employers.

9.      Younho Cho was the president of Defendant Lotte Chemical during Plaintiff's employment.

10.     During her employment with Defendant, Plaintiff was the only female forklift operator and the only female working in the back of the warehouse.

11.     Not long after Plaintiff began working for Defendant, her supervisor, Melvin Robinson, subjected Plaintiff to a sexually hostile work environment by constantly and continuously making lewd sexual comments and subjecting her to unwanted sexual touching.

12.     Robinson habitually rubbed, touched, grinded and bumped up against Plaintiff, often thrusting his groin into her.

13.     Robinson used his supervisory power over Plaintiff to direct her to sit in a small break room with him where he would make vulgar sexual remarks to her when they were in there alone together.

14.     On a daily basis, Robinson made perverted sexual comments to Plaintiff such as telling her how his penis was under "pressure" like a pipe about to burst, telling Plaintiff he would eat her "pussy," telling Plaintiff "you haven't had no dick until you have some of this," indicating his penis, and numerous other lewd sexual remarks to Plaintiff.

15.     Robinson told Plaintiff if she would stick with him, he would make her a team-leader as long as she went with him to the new warehouse where they did not have cameras. Plaintiff told Robinson she was not going to go there with him, knowing he wanted to have a sexual encounter with her away from any area with a camera.

16.     Robinson grabbed Plaintiff's hand and placed it on his penis.

17.     Robinson backed Plaintiff into a corner and told Plaintiff to grab his penis and feel how long it is.

18.     Plaintiff continued to resist Robinson's sexual advances by letting him know his sexual comments and touchings were not welcomed, and that she was just there to do her job and he needed to leave her alone. However, Robinson would not stop.

19.     Plaintiff contacted Onin Group on May 25, 2022, and complained that her supervisor, Melvin Robinson, was sexually harassing her.

20.     That same day Plaintiff complained to Defendant's Human Resources department and spoke to its Human Resources Representative, Seunghee Kang.

21.     Also on May 25, 2022, Plaintiff went to Onin's office and completed a harassment complaint form. Plaintiff wrote the following in her complaint which clearly indicated she was being sexually harassed by her supervisor:

> I started work on May 19th My supervisor Melven sexual harass me Had me feeling his private parts rubbing up against me Touching my butt. asking me to sit in his lap and also told me to go back warehouse where there's no cameras. He had me in the office and the other little office grabbing his penis.

4

22.    Defendant moved Plaintiff to the other side of the warehouse.

23.    According to Defendant's position statement to the EEOC, H.R. Representative Kang contacted Defendant's sister company, Lotte Chemical USA Corporation, to assist with the investigation, along with Elaine Hurvitz, Human Resources Executive Director of Lotte Chemical USA Corporation. Hurvitz agreed to assist in the investigation.

24.    After Plaintiff complained of sexual harassment, she heard nothing further from Defendant concerning the outcome. However, despite Plaintiff being moved, Robinson intimidated Plaintiff at work by continuously staring at her and making other threatening gestures towards her.

25.    On June 27, 2022, after Plaintiff went home from work, Plaintiff filed a police report concerning Robinson sexually harassing her and intimidating her.

26.    Shortly after that, Defendant contacted Plaintiff and terminated her.

27.    In its response to the EEOC, Defendant stated the following as its reason for firing Plaintiff:

> On June 25, 2022, following the completion of the investigation and the implementation of disciplinary action against Robinson, management at LC AL discovered that Jones facilitated her sister making social media postings relative to Jones's allegations against Robinson during the investigative process, threatening harassment and physical harm to Robinson. This behavior was obviously intended to defame Robinson, undermine LC AL's investigation and disciplinary process and threatened harassment and physical harm to an LC AL employee.

28.     In support, Defendant attached a Facebook posting of a person named Chyna

White, who is not Plaintiff's sister. The Facebook posting is undated, does not say

what Defendant says it says, and does not indicate Plaintiff had any involvement in

the Facebook posting.

29.     Defendant terminated Plaintiff and replaced her with a male forklift driver.

30.     Months after Plaintiff was terminated, H.R. Representative Kang filed an

EEOC Charge, and then an Amended Charge on July 24, 2023.

31.     In Kang's Amended Charge she stated President Cho's position that women

such as Plaintiff should not be forklift drivers, that Plaintiff should be fired for

complaining of sexual harassment, and that Cho was involved in firing Plaintiff.

Kang states as follows in her EEOC Charge:

> In May 2022, an African-American female forklift operator named Shakela
> Jones began working for the company. Cho did not like her size or the way
> that she looked and complained to me "What is up with that fat black lady
> forklift driver? Can she even drive a forklift? I don't understand why they
> hired a woman for a forklift operating position." I responded that she had been
> hired as a result of a fair assessment of her forklift operating skills by her
> supervisor and told him that further derogatory remarks based on people's
> looks and gender can be problematic in America. Cho ignored this advice.
>
> In June 2022, Shekela Jones reported that she was being sexually harassed by
> her supervisor, Melvin Robinson. I notified Cho and Jung of the report and
> was immediately instructed by them to "fire Shakela Jones right now. Women
> indeed are problematic." I eventually reached out to Elaine Hurvitz for help
> and an investigation was conducted which revealed that Mr. Robinson made
> an offensive joke of a sexual nature to Ms. Jones. Elaine instructed them to
> demote Mr. Robinson from the supervisor role and train him about sexual
> harassment. Cho was dumbfounded and said "How dare that woman give me

orders? This is ridiculous. I asked her to help, not to boss me around." Cho and Jung eventually fired Ms. Jones and instructed me to never accept female forklift candidates from then on.

32.   The sexually harassing conduct towards Plaintiff, and Defendant's ratification of such conduct, adversely affected Plaintiff's work by making it more difficult for Plaintiff to do her job.

33.   Defendant, by and through its agent, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

34.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

35.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**V.   CAUSES OF ACTION**

**A.   COUNT I - SEXUAL HARASSMENT UNDER TITLE VII**

36.   Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964 42 U.S.C. Section 2000e et seq., as amended, and 42 U.S.C. Section 1981a.

37.   Defendant subjected Plaintiff to a sexually hostile work environment that was

sufficiently severe or pervasive to alter the terms and conditions of her employment.

38.    Defendant further subjected Plaintiff to a hostile work environment by letting her know he could promote her if she had sex with him which constitutes a *quid pro quo* sexually hostile work environment because her acceptance of her supervisor's sexual harassment would result in a tangible employment action. In particular, in exchange for sex, the supervisor let Plaintiff know he would promote her.

39.    The hostile work environment was objectively and subjectively hostile and abusive because a reasonable person would find the work environment endured by Plaintiff hostile and abusive, Plaintiff perceived the environment to be hostile and abusive, and the harassment negatively impacted Plaintiff's employment by making it more difficult to do her job.

40.    Plaintiff subjectively perceived the sexually harassing treatment she endured to be hostile and abusive, and such conduct actually negatively impacted the conditions of her employment.

41.    Defendant failed to guard against the misconduct of its employees, failed to train their managers and employees, failed to monitor their performance and conduct, and failed to take adequate remedial action.

42.    Defendant had no effective sexual harassment policies and no effective procedures for handling complaints of sexual harassment.

43.    Defendant was made aware of this hostile and abusive environment, and

continuously refused to take appropriate remedial action.

44.    Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate action.

45.    Defendant is directly and vicariously liable for the conduct of its employee that amounted to the sexual harassment suffered by Plaintiff.

46.    The sexually harassing conduct towards Plaintiff and Defendant's ratification of such conduct, adversely affected Plaintiff's job because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do her job.

47.    Defendant, by and through its agent, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

48.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory damages is her only means of securing adequate relief.

49.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## B.    COUNT II – SEX DISCRIMINATION UNDER TITLE VII

50.    Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42

U.S.C. Section 1981a.

51.    Defendant terminated Plaintiff because of her female gender, and the above facts contain direct evidence that one of the two decision makers in Plaintiff's termination, Cho, terminated Plaintiff because she was a female.

52.    Plaintiff may prevail under either a "pretext" theory or under a mixed-motive theory under Title VII, as even if Defendant had legitimate reasons for terminating Plaintiff from her forklift driver position, gender was at least a motivating factor in Defendant's decision and the Court may evaluate Plaintiff's claims under the mosaic of circumstantial evidence standard.

53.    Said gender discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

54.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory damages is her only means of securing adequate relief.

55.    Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## C.    COUNT III – RETALIATION UNDER TITLE VII

56.    Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964 42 U.S.C. Section 2000e et seq., as amended, 42 U.S.C. Section 1981(a).

57.    Plaintiff engaged in protected activity when she reported sexual harassment in the workplace and filed an EEOC Charge.

58.    After Plaintiff reported sexual harassment, instead of remedying the harassment Defendant retaliated against Plaintiff by taking materially adverse employment actions against her including terminating her, and the above facts show one of the two decision makers, Cho, wanted to terminate Plaintiff because she had complained about sexual harassment.

59.    But for Plaintiff's engagement in protected activity, Defendant would not have taken these materially adverse employment actions against her.

60.    Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

61.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory damages is her only means of securing adequate relief.

62.    Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### D.    COUNT IV – ASSAULT AND BATTERY

63.    Plaintiff was subjected to unwanted touchings.

64.    Defendant ratified and/or condoned its agents' actions which amounted to assault and battery of Plaintiff.

65.     Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

### E.     COUNT V – INVASION OF PRIVACY

66.     Defendant, through the acts of its agents, invaded the privacy of Plaintiff, by, among other things, intruding into Plaintiff's private seclusion by making sexual comments and inquiries, by touching her, and other acts as set forth above.

67.     Defendant authorized, ratified and/or condoned its agents' actions which amounted to an invasion of Plaintiff's privacy.

68.     Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

### F.     COUNT VI - NEGLIGENT AND/OR WANTON HIRING, SUPERVISION, TRAINING, AND/OR RETENTION.

69.     This is a claim arising under the law of the State of Alabama to redress the negligent and/or wanton, hiring, supervision, training, and retention of the supervisor who committed the sexually harassing acts against Plaintiff, including the above-described assault and battery and invasion of privacy in violation of the common law of the State of Alabama.

70.     Defendant negligently and/or wantonly failed to adequately hire, supervise, train, and/or negligently retained, its agents or employees which proximately caused the sexually harassing acts against the Plaintiff, including the above-described

invasion of privacy in violation of the common law of the State of Alabama Plaintiff.

### G.   COUNT VII – OUTRAGE

71.   Defendant, by and through its agents and through its own indifference to sexual harassment, outrageously and intentionally inflicted emotional distress upon Plaintiff, a minor, by subjecting her to abusive and harmful sexual misconduct which was ratified and condoned by Defendant.

72.   Defendant and its agents caused Plaintiff severe emotional distress by such sexual misconduct, beyond what any employee should be expected to endure. Plaintiff's emotional distress was the foreseeable result of Defendant's actions and inactions as set forth above.

73.   The conduct described above was extreme, outrageous and beyond the boundaries of decency in a civilized society and caused Plaintiff to suffer severe emotional distress.

74.   Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

### VI.   DAMAGES

75.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

76.   Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages

and other pecuniary losses as a consequence of Defendant's unlawful conduct.

77.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII.

2.     Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII.

3.     Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, backpay, front-pay if reinstatement is not possible, compensatory, punitive, and/or nominal damages.

4.     Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses and post judgment interest.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

> Respectfully submitted,
>
> /s/ Jon C. Goldfarb
> Jon C. Goldfarb asb-5401-f58j
> L. William Smith asb-8660-a61s
> Christina M. Malmat asb-1214-y44q
> Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500