IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEKELA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:23-cv-531-MHT-JTA |
| ) | (WO) |
| LOTTE CHEMICAL ALABAMA ) | |
| CORP., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the court is the City of Auburn's Motion to Quash. (Doc. No. 20.) The City urges the court to quash the subpoena issued by the plaintiff, Shekela Jones, to produce the following:

1. Provide a copy of all documents and electronic records related to any investigation into the complaint Plaintiff Shekela Jones made concerning Melvin Robinson on June 27, 2022. . . .
2. Provide a copy of all documents and electronic records related to any investigation into any complaint made concerning the above individual Melvin Robinson . . . .

(Doc. No. 20 at 9.) Jones opposes the motion (Doc. No. 23), and the City has replied (Doc. No. 25.) The motion is ripe for disposition.

Here, Jones has brought multiple counts against the defendant under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981a*,* as well as state law counts. (Doc. No. 1 ¶¶ 1, 36, 50, 56, 63–73.) Jones issued the subpoena to obtain investigatory documents pertaining to her hostile work environment claims against the defendant, Lotte Chemical Alabama Corp. (Doc. No. 23 at 2.) The City, as a nonparty,

argues the subpoena should be quashed because the information sought is protected by the law enforcement investigatory privilege recognized by both Alabama law and federal common law. (Doc. No. 20.) The court now turns to address each privilege raised by the City.

"For purposes of discovery, a party may subpoena information from a nonparty to litigation, but Federal Rule of Civil Procedure 45 protects the subpoena recipient by requiring the issuer to 'take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena' and by setting out several mandatory and discretionary grounds for quashing a subpoena." *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020) (citing Fed. R. Civ. P. 45(d)(1), (3)). One of the mandatory grounds for quashing a subpoena is when it "requires disclosure of privileged or other protected matter, if no exception or waiver applies …." Fed. R. Civ. P. 45(d)(3)(A)(iii).

The City first asserts that it is entitled to the law enforcement investigatory privilege codified in Alabama law. *See* Ala. Code § 12-21-3.1. (Doc. No. 20.) However, "the existence of a [state] statute prohibiting disclosure does not, by itself, give rise to a federal privilege." *Jordan*, 947 F.3d at 1336. "Federal evidentiary privileges in federal question litigation arising in federal court are governed by federal law, and a state evidentiary privilege does not automatically give rise to a federal evidentiary privilege." *Id*. (citation omitted).

In a federal question jurisdiction case, the "federal law of privilege provides the rule of decision," even to any supplemental state law claims. *Meyer v. Gwinnett Cnty.*

2

*Police Dep't,* 2022 WL 2439590, at *7 (11th Cir. July 5, 2022) (holding that when jurisdiction is premised on a federal question, the federal law of privilege applies to supplemental state law counts).  Here, because jurisdiction is based on a federal question, the federal law of privilege is controlling, even over the supplemental state law claims.[1] Hence, the City's contention that the subpoena should be quashed due to the Alabama law enforcement investigatory privilege is without merit. Accordingly, the law enforcement investigatory privilege recognized by federal common law applies to all counts of Jones's complaint.

The federal common law recognizes a qualified law enforcement investigatory privilege, which protects "investigative files in an *ongoing* criminal investigation or information which would reveal the identity of confidential informants." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (emphasis added). The purpose "of the privilege 'is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation.'" *In re Polypropylene Carpet Antitrust Litig.*, 181 F.R.D. 680, 687 (N.D. Ga. 1998) (quoting *In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988)). This privilege is not absolute, rather a court must balance "the government's interest in confidentiality against the litigant's need for the documents." *Coughlin*, 946 F.2d

---

[1] The City turns to *Callaway v. Adcock* for support, however the court in that case recognized when there is federal question jurisdiction "and the court exercises supplemental jurisdiction over plaintiff's state law claim, federal common law concerning privilege is controlling." *Callaway v. Adcock*, 2021 WL 8316453, at *1 (M.D. Ala. Feb. 11, 2021).

3

at 1160. Further, "while pendency of a criminal investigation is a reason for denying discovery of investigative reports, this privilege would not apply indefinitely …." *Swanner v. United States*, 406 F.2d 716, 719 (5th Cir. 1969) (citation omitted).[2]

Jones correctly points out that the Eleventh Circuit has not fully addressed the law enforcement investigatory privilege. (Doc. No. 23 at 3.) In *United States v. Van Horn*, the Eleventh Circuit recognized a "qualified government privilege not to disclose sensitive investigative techniques." *United States v. Van Horn*, 789 F.2d 1492, 1507 (11th Cir. 1986). While this is a narrow description of a type of investigatory privilege, many district courts within the circuit have recognized the law enforcement investigatory privilege. *See FEC v. Rivera*, 335 F.R.D. 541, 546 (S.D. Fla. 2020) (applying the privilege to Federal Election Commission investigatory files in a civil action); *In re Polypropylene*, 181 F.R.D. at 687 (applying the privilege to Department of Justice investigatory files in an antitrust action); *Callaway*, 2021 WL 8316453 at *2 (applying the privilege to information relating to an ongoing criminal investigation in a civil suit).

Although the City asserts that Jones has the burden to prove her need for information outweighs the government's interests (Doc. No. 23 at 2–4), the entity "asserting the privilege must submit documentation of why the information falls within the scope of the privilege." *Jenkins v. Koch Foods, Inc.*, 2020 WL 12992000, at *3 (M.D. Ala. March 11, 2020). This burden is consistent with Rule 45(e)(2)(A), which requires the person or entity withholding subpoenaed information under a claim of privilege to (1) expressly make the

---

[2] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

4

claim and (2) "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information . . . will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(i)–(ii). A nonparty refusing to produce documents based on privilege "has the burden of establishing its documents are privileged through the use of a privilege log." *Jenkins*, 2020 WL 12992000, at *3 (citing *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 521 (N.D. Fla. 2013)). Without supporting documentation, a court cannot adequately balance the government's interest in confidentiality against the litigants need for information. *See JTR Enterprises, LLC v. An Unknown Quantity of Colombian Emeralds, Amethysts, & Quartz Crystals*, 297 F.R.D. 522, 529 (S.D. Fla. 2013) (denying benefit of privilege where no law enforcement agency provided supporting documentation to confirm responsive documents were related to an ongoing criminal investigation); *see also Navarro v. Applebee's Intern., Inc.*, 2010 WL 3745905, at *2 (M.D. Fla. Sept. 20, 2010) (rejecting common law assertion of investigatory privilege where supporting documentation was not submitted).

The City has not provided any supporting documentation or information for its assertion of privilege, as required by Rule 45. The City has neither produced a privilege log, nor stated what government interest it seeks to protect by asserting the privilege. At bottom, the City has not established there is, in fact, an ongoing criminal investigation into Robinson, nor provided an explanation of why the information falls within the scope of the privilege. Without any information, the court cannot balance the City's interest in confidentiality against Jones's need for information. Jones asserts she needs information pertaining to the harassment she experienced and reported to the City because she was the

5

claimant in the case, and any statements made by witnesses to law enforcement are in the sole custody of the City. (Doc. No. 23 at 5.) Because the court lacks any information as to why the City is asserting its privilege and whether the criminal investigation is pending, the court cannot quash the subpoena for information relating to the investigation conducted into Jones's complaint against Robinson. (Doc. No. 20 at 9, ¶ 1.)

On the other hand, as the City correctly points out, Jones has failed to establish why she needs *any* information relating to *any* investigation of Robinson. Because Jones has failed to establish that there is a substantial need for the information sought, the motion to quash is due to be granted as to the information pertaining to any investigation into any complaint made concerning Robinson.

For the foregoing reasons, it is ORDERED that the Motion to Quash (Doc. No. 20) filed by the City of Auburn is DENIED in part and GRANTED in part as follows:

1. The motion is DENIED as to the subpoena for all "documents and electronic records related to any investigation into the complaint Plaintiff Shekela Jones made concerning Melvin Robinson on June 27, 2022." (Doc. No. 20 at 9, ¶ 1.)

2. The motion is GRANTED as to the subpoena for "all documents and electronic records related to any investigation into any complaint made concerning the above individual Melvin Robins." (Doc. No. 20 at 9, ¶ 2.)

DONE this 19th day of August, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE